## ST. LOUIS, ARKANSAS & TEXAS RAILWAY V. JOHNSON.

Decided May 17, 1890.

1. *Railway—Statutory penalty for refusal to deliver freight—Tender of charges.*

Under the act of February 27, 1885, imposing a penalty for the refusal of a railway company to deliver freight upon payment or tender of charges due, as shown by the bill of lading, the entire amount of freight charges for a single shipment must be tendered before any part of the goods can be demanded.

2.   *Goods damaged in transit—Consignee's right to abandon—Case stated.*

Where a portion of a consignment of goods is culpably damaged in transit, but is still *in specie* and reparable at little expense, the railway will not be liable as for conversion of such damaged goods; nor, if the consignee tender the charges due on the uninjured portion only of the consignment, will the railway incur the statutory penalty for refusal to deliver such goods. Thus, where a consignee of four wagons, billed and charged as one shipment, refused to receive one of them because a small piece of it is missing, which may be easily restored at small expense, the railway may refuse his tender of the proportionate freight due on three wagons and keep them, or retain the fourth wagon until the entire freight bill is paid or tendered, without incurring the statutory penalty.

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

*J. C. Hawthorne* and *Sam H. West* for appellant.

1. This suit grew out of a contract, and the amount in controversy being less than $100, the court had no jurisdiction. Const., art. 7, sec. 40; 18 A. & E. R. R. Cas., 502.

2. The contract was entire and indivisible, and the lien for freight extended to each article, and the company could not be forced to accept a portion of the freight charges and deliver a part of the goods. A tender of part was inoperative. 5 Mass., 365; 29 Iowa, 480. When the whole freight is taken in a ''lump,'' the whole freight charges may be recovered upon a delivery of a part of it. 3 Sutherland, 193; 109 Mass., 424; 23 Pick., 405.

It devolved on appellee to prove that appellant received the nut. 2 Greenl. on Ev., 213; 42 Ill., 89.

Appellee never tendered the amount due the railroad, and no liability ever incurred.

3. The statute is unconstitutional. Cooley, Const. Lim., note 2, top p. 454; 78 Ill., 55.

To entitle shippers to invoke the aid of a penal statute, they must comply strictly with its provisions. 9 A. & E. R. R. Cas., 168; 8 N. E. Rep., 222.

*H. A. Parker* for appellee.

1.   Freight charges can be apportioned when the carrier through its own fault is only able to deliver part in a good or usable condition.    Hutchinson on Car., sec. 444.    The nut could not be bought this side of the factory, hence the general rule that the consignee must buy in market and charge for it, does not apply.    Benj. on Sales, 876.

2.   The act is unconstitutional.    49 Ark., 291.

3.   The court had jurisdiction.    It is a penal statute. 48 Ark., 301; Anderson, Law Dic., p. 763; 102 U. S., 611; 108 U. S., 455; 18 Wall., 516, 538.

COCKRILL, C. J.   This is a suit by the appellee to recover a statutory penalty of the railway for failure to deliver freight upon tender of charges.   The statute under which the suit was brought is as follows:   ''Any railroad company, its officers, agents or employes that shall refuse to deliver to the owner, agent or consignee, any freight, goods, wares, and merchandise, of any kind or character, upon the payment, or tender of payment of the freight charges due, as shown by the bill of lading, the said railroad company shall be liable in damages to the owner of said freight, goods, wares or merchandise, to an amount equal to the amount of freight charges for every day said freight, goods, wares, and merchandise, is held after payment, or tender of payment, of the charges due, as shown by the bill of lading, to be recovered in any court having competent jurisdiction.''   Sec. 3 of the act of February 27, 1885.

The undisputed facts are that the plaintiff purchased four wagons in St. Louis, Mo., and caused them to be shipped over the appellant's line of railway to his place of business in Arkansas.   They were taken down and shipped in parts as one consignment of freight—the bill of lading calling for the list of articles which went to make up the four wagons. When they arrived, it was discovered that one nut used to

hold a wheel on the axle was missing. The appellee refused
to receive the damaged wagon or to pay its proportion of the
freight charges, but demanded the other three, and tendered
three-fourths of the amount of the freight due under the
bill of lading, which the railway declined. The tender was
repeated and refused on three several days, when the appel-
lee brought an action of replevin for the three uninjured
wagons, and caused them to be taken from the custody of the
railway. Thereafter the railway replaced the missing nut,
when the appellee made a tender of one-fourth of the amount
due under the bill of lading and demanded delivery of the
fourth wagon. The railway offered to deliver it on payment
of the whole amount due under the bill of lading and refused
to surrender it upon tender of payment of a less amount.
The appellee repeated his tender upon the two succeeding
days, took the wagon by replevin, and brought this action
to recover the penalty for each day's refusal to deliver the
freight demanded—that is, for three times the amount of
charges which the bill of lading showed to be due. He re-
covered judgment for the amount claimed.

The facts do not sustain the recovery. The action is    1. Railway's refusal to deliver
upon a penal statute, and the plaintiff has not shown a viola-  freight—Penalty — Charges must
tion of its letter or spirit. He could put the railway in default  be tendered.
and recover the penalty under the statute only upon a tender
of the amount due as freight under the contract evidenced by
the bill of lading. That is the condition prescribed by the
statute, and no penalty can be incurred in the absence of a
sufficient tender.

The fact that the carrier is not entitled to freight on goods   2. Right of consignee to
which through his fault are not delivered, does not relieve  abandon dam- aged goods.
the plaintiff's position. If the bill of lading and freight charges
called for four wagons, and the carrier transported only three,
freight could be legally demanded for the carriage of three
wagons only, for no more would be earned ; and it may be that
in such a case the carrier would incur the penalty imposed by

the statute by refusing to deliver the wagons actually carried upon tender of three-fourths of the charges called for by the bill of lading.   But that is not this case.   The several parts of four wagons were billed and charged for as one shipment of freight, and they were offered for delivery at their destination. One wagon was in a damaged condition, and the injury may have occurred through the fault of the carrier.  But it was still of value as a wagon, and was capable of being made whole at a trifling expense.   The merchant had no right therefore to abandon it to the carrier and hold the latter liable as for a conversion (*Railway v. Mudford*, 44 Ark., 439), or deprive it of the right to receive pay for its service as carrier, even though the injury had occurred through the carrier's culpability.. *Dakin v. Oxley*, 15 Com. Bench, 646; S. C. 109 Eng. Com. Law, 644.   In such a case the owner of the property has his action for damages for the injury, and where it is clear that the injury is culpable, and the damage greater than the charge for carriage, it has been held that the owner is entitled to his goods without payment of freight.   But that doctrine could not aid the appellee, for if it could have application at all in a suit for a penalty, still the injury was inconsiderable as compared with the freight.

The tender of three-fourths of the amount of freight due was not sufficient to put the railway in default.   The subsequent tender of one-fourth was inadequate as to the remaining wagon, because, the four having been shipped as one consignment, the freight for all was a lien on each, and until the whole amount was discharged, the carrier could lawfully retain possession of either.

Reverse the judgment and remand the cause.